IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARK D. LYONS,

    **Plaintiff,**

v.

UNITED STATES OF AMERICA,

    **Defendant.**

Case No. 21-CV-419-JFH-SH

## OPINION AND ORDER

Before the Court is a motion for summary judgment ("Motion") filed by Defendant United States of America[1] ("TSA"). Dkt. No. 25. Plaintiff Mark D. Lyons ("Lyons") opposes the Motion. Dkt. No. 26. For the reasons stated, TSA's Motion is GRANTED.

## STANDARD

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Jones v. Kodak Med. Assistance Plan*, 169 F.3d 1287, 1291 (10th Cir. 1999); Fed. R. Civ. P. 56(a). "A dispute is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party, and a fact is material when it might affect the outcome of the suit under the governing substantive law." *Bird v. W. Valley City*, 832 F.3d 1188, 1199 (10th Cir. 2016). Only material factual disputes preclude the entry of summary judgment. *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000).

---

[1] Plaintiff alleges he suffered damages caused by the Transportation Security Administration.

The movant bears the initial burden to demonstrate the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). If the movant carries this initial burden, "the burden shifts to the nonmovant to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant." *Id.* at 671. If the nonmovant demonstrates a genuine dispute as to material facts, the Court views the facts in the light most favorable to him. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009). However, a failure of proof "concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## UNDISPUTED MATERIAL FACTS

Lyons traveled from Tulsa, Oklahoma, to Spokane, Washington, by Southwest Airlines on August 28, 2020. During his travel, the airplane Lyons had boarded made an unscheduled emergency stop in Albuquerque, New Mexico and then a scheduled connecting stop in Las Vegas, Nevada. Because of the emergency stop in Albuquerque, Lyons missed his originally scheduled Las Vegas to Spokane connection and was rebooked on a later flight.

Lyons checked a suitcase with Southwest Airlines in Tulsa before departing. His suitcase was not available at the baggage claim when he arrived in Spokane. The next day, August 29, 2020, a courier contracted by Southwest Airlines delivered the suitcase to Lyons in Spokane. When Lyons received the suitcase, he discovered that its built-in locking latch mechanism was broken.[2]

---

[2] Although Lyons' complaint seeks damages in excess of $10,000.00 [Dkt. No. 2 at 5], the parties agree in their summary judgment briefing that the amount in controversy is $300.00 [*see* Dkt. No. 25 at 26; Dkt. No. 26 at 1].

Lyons does not have personal knowledge of whether or not his suitcase entered TSA's controlled screening environment in Tulsa. There was no TSA Notice of Inspection inside the suitcase. While "contents were moved around" in the suitcase, nothing had been stolen. Lyons does not know whether or not his suitcase was unloaded during his plane's unscheduled Albuquerque stop. He does not know when or how his suitcase arrived in Spokane. He does not know where the suitcase was stored between arriving at the Spokane airport and its delivery to him on the morning of August 29, 2020. In sum, Lyons did not see, and has no personal knowledge or evidence regarding, his suitcase at any point between checking it at the Tulsa Southwest Airlines ticket counter and receiving it in Spokane via courier the following day.

## AUTHORITY AND ANALYSIS

Lyons claims TSA violated the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), by negligently or intentionally damaging his property. The FTCA waives the United States' sovereign immunity "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id.* Causation, then, is a necessary element for Lyons to succeed on his claim. *See Harvey v. United States*, 685 F.3d 939, 951 (10th Cir. 2012) (noting that the FTCA requires proof of causation regardless of underlying negligence law applied). It is undisputed that there was not the standard TSA Notice of Inspection in Lyons' suitcase when it arrived in Spokane, which is placed in every bag which TSA inspects as a matter of course.[3] It is further undisputed that Lyons does not have personal knowledge of whether or not his suitcase entered TSA's controlled

---

[3] As a government agency, TSA is entitled to a presumption of administrative regularity in discharging its official duties unless Lyons presents "clear evidence to the contrary." *Wilson v. Hodel*, 758 F.2d 1369, 1372 (10th Cir. 1985). Lyons presents only personal theories, not tangible evidence, of administrative irregularity and consequently has not rebutted this presumption.

screening environment in Tulsa, whether or not his suitcase was unloaded during his plane's unscheduled Albuquerque stop, when or how his suitcase arrived in Spokane, or where the suitcase was stored between arriving at the Spokane airport and its delivery to him. TSA submitted a log of inspections from August 28, 2020 along with a declaration from the Deputy Assistant Federal Screening Director for TSA at the Tulsa airport detailing TSA's standard operating procedures for screening checked baggage and stating, based on the declarant's examination of records kept in the ordinary course of business, that these procedures were followed on August 28, 2020 and the records "do not contain an entry recording physical inspection of a suitcase or any other item of checked baggage belonging to Mr. Lyons." Dkt. No. 25-2.[4,5] Thus, TSA has met its initial burden to show the absence of a genuine issue of material fact and the burden shifts to Lyons "to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for [him]." *Adler*, 144 F.3d at 670-71.

Lyons first argues that "because of the way his luggage was damaged, the contents were moved around and the fact that nothing was stolen, the Plaintiff knows that the bag was opened by

---

[4] Plaintiff states he "can neither admit nor deny" the facts in TSA's declaration because he "ha[d] no access to any of this information and it is not common knowledge." Dkt. No. 26 at 4. Plaintiff's response does not comply with the Court's local rules, which state "All material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party." LCvR 56-1(c). Because Plaintiff said he could neither confirm nor deny the facts in the TSA declaration [Dkt. No. 25-2], he did not specifically controvert them, and the Court deems them admitted.

[5] Lyons disputes the accuracy of TSA's records because "the integrity of the [] entries is directly dependent upon the integrity of those conducting the inspections." Dkt. No. 26 at 4, 10. While this is closer to a specific controverting of facts, it still does not meet the mark: the Court's local rules require the nonmovant to support its choice to controvert evidence with "citation, with particularity, to any evidentiary material that the party presents in support of its position." LCvR 56-1(e). Lyons did not do so. Lyons seems to suggest that he should be given leave to conduct additional discovery, presumably based on Fed. R. Civ. P. 56(d) [Dkt. No. 26 at 4]; however, he has failed to set forth any basis for relief under this rule.

TSA inspectors." Dkt. No. 26 at 5. Yet, personal belief is insufficient to meet the causation element, particularly unsupported as it is in this case by any extrinsic evidence and stated only in an unsworn brief, not an affidavit or declaration made under penalty of perjury. *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings."). Lyons also submits a document purportedly summarizing statistics of property loss and damage claims at Tulsa International Airport from 2002 through 2017. Dkt. No. 26-1. He claims that this represents "Homeland Security statistics that show routine TSA thefts at Tulsa International Airport." *Id.* at 4. But historical data about other purported incidents, without more, is insufficient to establish any sort of causation in *this* instance. *See Bones*, 366 F.3d at 875 ("To defeat a motion for summary judgment, evidence . . . must be based on more than mere speculation, conjecture, or surmise."). In response to TSA's Motion, Lyons has failed to produce any evidence of causation as to the damage to his suitcase.

Lyons next argues that he does not need to present direct evidence of causation. The Tenth Circuit has instructed district courts to "resolve questions of liability under the FTCA in accordance with the law of the state where the alleged tortious activity took place." *Franklin v. United States*, 992 F.2d 1492, 1495 (10th Cir. 1993). Lyons claims that Oklahoma's formulation of the hornbook tort theory *res ipsa loquitur* applies to prove causation. Dkt. No. 26 at 7-8. "[T]he doctrine of *res ipsa loquitur* 'is a pattern of proof which may be applied to an injury that does not occur in the usual course of everyday conduct unless a person who controls the instrumentality likely to produce injury fails to exercise due care to prevent its occurrence.'" *Wheeler v. Koch Gathering Systems, Inc.*, 131 F.3d 898, 903 (10th Cir. 1997) (quoting *Qualls v. U.S. Elevator Corp.*, 863 P.2d 457, 460 (Okla. 1993)). "To establish a prima facie case for application of *res*

*ipsa loquitur*, the plaintiff has the burden to show that the instrumentality is in the complete control of the defendant and that the injury to the plaintiff would not have occurred absent negligence on the part of the defendant." *Geschke v. Wal-Mart Stores E., L.P.*, No. 20-CV-0414-CVE-JFJ, 2021 WL 1873449, at *3 (N.D. Okla. May 10, 2021).

Lyons' *res ipsa loquitur* argument fails because he cannot prove that his suitcase was in the complete control of TSA. Indeed, TSA submitted as an exhibit to its Motion sworn discovery responses from Lyons admitting he did not know the whereabouts, or custodians of, his suitcase between the time he checked it in Tulsa and the time he received it in Spokane. Dkt. No. 25-1. Moreover, within those discovery responses, Lyons stated under penalty of perjury that he believed his suitcase was "in the custody of Southwest Airlines" for at least part of the suitcase's travel. *Id.* at 2.

Lyons admits that he does not know where the suitcase went or who handled it between the time he checked it in Tulsa and the time he received it the following day in Spokane. He provided no admissible evidence that anyone from TSA, as opposed to any Southwest Airlines baggage handlers or courier service, was responsible for the broken lock on his suitcase. A failure of proof "concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" and necessitates summary judgment. *Celotex*, 477 U.S. at 322-23. Lyons has simply failed to present any evidence concerning the essential element of causation.

In short, Lyons has a theory. "[B]ecause of the way his luggage was damaged, the contents were moved around and the fact that nothing was stolen, the Plaintiff knows that the bag was opened by TSA inspectors." Dkt. No. 26 at 5. But it is clear that Lyons cannot know this. He may very well believe this, but his own admissions demonstrate that he cannot know this. *See* Dkt. No. 25 at 4; Dkt. No. 26 at 4 (admitting that "Plaintiff did not see his suitcase at any point in

6

time between when he checked it in at the Southwest Airlines ticket counter in TUL and when it was delivered by the courier the next day."). *See also* Dkt. No. 26 at 5 (admitting that "Plaintiff did not personally witness TSA breaking into his suitcase . . . ."). Yet, Lyons theorizes that the "most obvious conclusion" is the following:

> TSA x-rayed the Plaintiff's luggage and saw a huge handgun in it. The luggage did not have a TSA accessible lock on it. So the TSA agent broke open the lock hoping to seize an undeclared gun. However, the gun had been declared to the SW ticket agent. Once that was verified upon inspection, the TSA agent realized "I've messed up now." So instead of logging in the inspection on a hand-entry form, not an automated form, which would have proven the unrepairable damage to the bag, he just closed the suitcase back up and probably hoped no claim would be filed, or if one was fled, he/she likely knew the claim would be routinely denied and that would be the end of things.

Dkt. No. 26 at 8-9.[6] While Lyons sets forth what he believes to be the "most obvious conclusion" to him, there are certainly many other conclusions that could be drawn—all of which require vast speculation. There is simply no basis for a trial here. No jury can be allowed to return a verdict based on pure speculation. Accordingly, summary judgment is proper here.

## CONCLUSION

IT IS THEREFORE ORDERED that TSA's motion for summary judgment [Dkt. No. 25] is GRANTED. A separate judgment will be issued forthwith.

DATED this 18th day of October 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[6] Lyons additionally theorizes that no airline baggage handler would know he had a gun in his luggage. *See* Dkt. No. 26 at 4, 5. According to Lyons' theory, the only employee at Southwest Airlines who would know this would be the employee at Southwest Airlines' ticket counter. But Lyons does not provide any evidence as to how the declaration of a gun in luggage is handled by Southwest Airlines, or to whom that information is disseminated.